```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

FRANCY GOMEZ MARTINEZ             :

                                                :

   v.                             :   Civil Action No. DKC 25-1430

                                                :

CRYSTAL JEWELRY CLINTON, INC.,
et al.                            :

**MEMORANDUM OPINION**

Plaintiff Francy Gomez Martinez ("Plaintiff") filed this Complaint pursuant to the Fair Labor Standards Act (FLSA) seeking overtime wages arising from her employment with Defendants Crystal Jewelry Clinton, Inc. and Edwin Deras (collectively, "Defendants"). Plaintiff and Defendants filed a joint motion seeking the court's approval of their settlement agreement on August 1, 2025. (ECF No. 4). Plaintiff supplemented the motion with information supporting the request for attorneys' fees and costs on August 4, 2025. (ECF No. 7). The parties' proposed settlement agreement, as supplemented, represents a fair and reasonable resolution of a bona fide FLSA dispute and will be approved.

**I.   Background**

Plaintiff alleged in the Complaint that she worked for Defendants as a cashier selling lottery tickets, money orders, and jewelry from approximately May 23, 2022, through March 3, 2025.

She worked at 8228 Richmond Highway, Alexandria, Virginia from May 23, 2022, through July 31, 2023; at 8457 Richmond Highway, Alexandria, Virginia from August 1, 2023, through April 1, 2024; at 367 Warrenton Road, Fredericksburg, Virginia from April 2, 2024, through November 7, 2024; and at 3201 Brinkley Road, Temple Hills, Maryland from November 8, 2024, through March 3, 2025.

From May 23, 2022, through July 31, 2023, Plaintiff worked an average of fifty-five (55) hours per week, five days of the week. From approximately August 1, 2023, through March 3, 2025, Plaintiff worked an average of sixty-five (65) hours per week, six days of the week.

From May 23, 2022, through May 31, 2023, Plaintiff was paid $13 per hour.  From June 1, 2023, through May 31, 2024, she was paid $14 per hour and from June 1, 2024, through March 3, 2025, she was paid $15 per hour.  Defendants paid Plaintiff by check at her regular hourly rate for the first forty (40) hours worked per week and paid all hours worked beyond that by cash – also at the regular hourly rate.

Plaintiff contended in the Complaint that she is owed overtime wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.  Based on these allegations, Plaintiff's Complaint asserts violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 203, *et seq*. (Count I), the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq*.

2

(Count II); the Maryland Wage Payment and Collection Law (the "MWPCL"), and Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (Count III).

Plaintiff, after review of Defendants' payroll records, determined that she was owed $23,194.95 in overtime wages and, with liquidated damages, claimed $46,389.90. The parties' proposed settlement agreement provides that, upon court approval, Defendants will pay $35,750 to settle their dispute. From the parties' settlement funds, Plaintiff will receive $21,000.02 in unpaid overtime and liquidated damages and her attorneys will receive $14,749.98 which consists of $14,084.98 in attorneys' fees and $665 in costs.

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve

3

a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the bona fides of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration

4

of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408, 409.  Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Lane v. Ko-Me, LLC,* No. 10-CV-2261-DKC, 2011 WL 3880427, at *3 (D.Md. Aug. 31, 2011) (citation omitted).

### A.  Bona Fide Dispute

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. Here, there is a bona fide dispute.  In the Complaint, Plaintiff alleged that Defendants failed to pay "overtime wages - or one and one-half times her regular hourly rate for hours worked in excess of forty in a work-week." (ECF No. 1 at 4).  Defendants contend that Plaintiff was a manager and thus "covered by the FLSA's white

5

collar executive exemption." (ECF No. 5 at 2). Defendants also dispute that the Maryland Wage Payment and Collection Law ("MWPCL") can be applied for work largely performed in Virginia. Thus, a bona fide dispute exists.

### B. Fairness & Reasonableness

Upon review of the parties' motion and Plaintiff's supplement and, after considering the relevant factors, see *Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' bona fide dispute. The parties agreed to settle after conducting informal written and documentary discovery. (ECF No. 5 at 3). Thus, the parties had sufficient opportunity to analyze Plaintiff's claims and to engage in settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo*, 2009 WL 3094955, at *11. Moreover, counsel state that the bona fide dispute was amicably resolved "through arms-length and good faith bargaining between the Parties[.]" (ECF No. 5 at 4, 5).

Although the settlement amount is a departure from the amount Plaintiff requested in her Complaint, the amount appears to be a fair and reasonable resolution because the parties engaged in informal discovery and settlement discussions. Because Defendants disputed owing any overtime wages, Plaintiff would have had to expend resources to litigate her claims.

6

### C. Attorneys' Fees and Costs

The attorneys' fees and costs requested are reasonable. Counsel for Plaintiff requests payment in the amount of $14,749.98 which includes $14,084.98 in attorneys' fees and $665 in costs. In support of this request, Justin Zelikovitz, a member of the bar since 2008, spent approximately 9.2 hours, Jonathan Tucker, a member of the bar since 2009, spent approximately 14.4 hours on this matter, and paralegal and support staff expended approximately 11.2 hours.

In addition to the $405 filing fee to commence this action, $260 was spent for service of process on Defendants.

## II. Conclusion

For the foregoing reasons, the joint motion to approve the parties' settlement agreement will be granted. A separate order will follow.

                                                /s/
                              DEBORAH K. CHASANOW
                              United States District Judge